IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KELLY PINN,** *individually, and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>v.<br><br>**TOGETHERHEALTH INSURANCE, LLC,**<br><br>*Defendant.* | **Jury Trial Demanded**<br><br>3:23-cv-00251 |

### CLASS-ACTION COMPLAINT

COME NOW Plaintiff, **Kelly Pinn** ("Plaintiff", "Pinn" or "Ms. Pinn") individually and on behalf of all others similarly situated, through her counsel, and for her Class Action Complaint against Defendant **Togetherhealth Insurance, LLC** ("THI" or "Defendant"), states as follows:

### BACKGROUND

1. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing phone calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

2. The TCPA affords special protections for people who register their cell phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after being registered on the National Do Not Call Registry is entitled to recover a penalty of $500 per call, and potentially $1,500 per call if the calling party is determined to have willfully violated the TCPA. *See* 47 U.S.C. § 227(c) *et seq.*

3. From January 2022 until October 2022 alone, approximately 41.3 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com (last visited November 10, 2022). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

4. Plaintiff Kelly Pinn brings this case to protect the privacy rights of herself and a class of similarly situated people who were improperly called on their cell phones by THI despite registering their numbers on the National Do Not Call Registry.

**PARTIES, JURISDICTION AND VENUE**

5. Plaintiff Kelly Pinn is an individual who all times relevant to this Complaint resided in Irving, Texas.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant THI is a Florida limited liability company, which maintains its headquarters or a primary office at 3450 Buschwood Park Drive, Tampa, Florida 33618.

8. THI is a "person" as defined by 47 U.S.C. § 153(39).

9. THI's website describes itself as a company that provides "access to trusted Medicare carries with a focus on customer service that brings clarity to the complex Medicare system."

10. THI's action as described in this Complaint were carried out through its agents, employees, officers, members, directors, and/or principals.

11. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

12. THI regularly transacts business in the State of Texas.

13. THI also knowingly and purposefully availed itself to the State of Texas when it placed calls to Pinn on her "817" area code cell phone, which is associated with Metropolitan Dallas, in the State of Texas.

14. Pinn received the calls from THI, and experienced the resulting injuries and harms, while within this District.

15. Accordingly, personal jurisdiction exists and venue is proper.

16. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## FACTUAL ALLEGATIONS

17. At all times relevant to this action, Pinn owned a cell phone, the number for which is 817-XXX-2161

18. Plaintiff used her cell phone for primarily residential purposes, such as speaking with friends and family.

19. The phone number for that cell phone is registered to Ms. Pinn as an individual, rather than a business.

20. Plaintiff sought to protect her right to be left alone from telemarketing calls by registering her cell phone number on the Federal Trade Commission's Do Not Call Registry on or around February 9, 2009.

21. At no point did Ms. Pinn provide express written consent for THI to place telemarketing calls to her cell phone.

22. Prior to THI's telemarketing campaign Pinn never expressed interest in Medicare benefit plans.

23. On various instances in the May of 2022, THI called in connection with its efforts to sell Medicare benefits.

24. Those calls were placed to Plaintiff on May 11, 2022, May 19, 2022 and May 26, 2022. Information about those calls follows in the chart below:

| Date/Time | Number on Caller ID |
| --- | --- |
| 5/11/2022 at 3:05 pm CST | (830) 256-9984 |
| 5/19/2022 at 4:54 pm CST | (737) 276-5028 |
| 5/26/2022 at 9:37 am CST | (325) 246-0153 |

25. Pinn believes she received additional calls from THI beyond those identified in the chart above.

26. Ms. Pinn found the unconsented telephone calls to be irritating, annoying, disruptive and to be an invasion of her privacy.

**CLASS ACTION ALLEGATIONS**

27. Pursuant to Federal Rules of Civil Procedure Rule 23(a), 23(b)(2) and 23(b)(3), Plaintiff brings this lawsuit as a class action on behalf of herself and on behalf of others similarly

situated. This action satisfies the requirements of numerosity, commonality, adequacy of representation and predominance. Only to the extent it is a requirement under applicable law, the proposed class satisfies the elements of ascertainability and typicality.

28. The proposed class that Plaintiff seek to represent is tentatively defined as follows:

> From four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) received more than one telephone call or text message from TogetherHealth Insurance, LLC (or someone acting on its behalf) during a 12 month period; and, (2) were registered on the Do Not Call Registry for more than 30 days at the time the calls were received; (3) where the number is registered to an individual rather than a business.

29. Plaintiff reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

30. The members of the proposed classes are so numerous that joinder of all members is impracticable. Plaintiff reasonably believes that hundreds or thousands of people have been harmed by Defendant's actions. The names and phone numbers of the members of the proposed class are readily identifiable through records available to THI.

31. Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

32. On information and belief, THI has called and continues to call people who are registered on the Do Not Call Registry to solicit insurance policies. It is reasonable to expect that THI will continue to make such calls absent this lawsuit.

33. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to, whether THI called phone numbers that were registered on the Do Not Call Registry, whether the calls were "solicitations"

as defined by the TCPA, whether THI had sound practices of procuring valid consent before making such calls.

34. Only to the extent required by law, Plaintiff's claims are typical of the claims of the proposed class members because Plaintiff's claim arose from the same practice that give rise to the claims of the members of the proposed class and is based on the same legal theories. Plaintiff is not different in any relevant matter from members of the proposed class.

35. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the proposed class. Plaintiff's interests do not conflict with the interests of the proposed class he seeks to represent. Plaintiff has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law. Plaintiff's counsel has the resources to litigate this class action, and Plaintiff and counsel are aware of their responsibilities to the putative members of the class and will discharge those duties. Plaintiff reserves the right to join other unnamed class members into this lawsuit.

36. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

37.     In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

38.     Questions of law and fact, particularly the propriety of calling cell phone numbers registered on the National Do Not Call Registry in order to solicit insurance policies, predominate over questions affecting only individual members.

39.     THI has acted or refused to act on grounds that apply generally to the class, so final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

## COUNT I
## VIOLATIONS OF 47 U.S.C. § 227(c)(5) OF THE
## TELEPHONE CONSUMER Protection Act ("TCPA")

40.     Plaintiff incorporates by reference the allegations of the previous paragraphs as if fully stated in this count.

41.     The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receives more than one call on their cell phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

42.     The penalty for each call placed in violation of the TCPA's restrictions on calling cell phone numbers registered on the National Do Not Call Registry is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

43.     In addition, the TCPA allows the Court to enjoin THI's violations of the TCPA's regulations prohibiting calls to cell phone numbers registered on the National Do Not Call

Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

44. By making calls to the cell phones of Plaintiff and the putative class members after the numbers were registered on the National Do Not Call Registry, THI violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

45. THI knew or should have known that the putative class members had their numbers registered on the Do Not Call Registry.

46. Plaintiff and the putative class members are entitled to damages of $500.00 per call made by or on behalf of THI and up to $1,500.00 per call if the Court finds that THI willfully violated the TCPA.

47. Plaintiff and the putative class members are entitled to an order from the Court enjoining THI from violating the TCPA's regulations that prohibit calls to cell phone numbers registered on the Do Not Call Registry.

**Demand for Judgment**

WHEREFORE Plaintiff, Kelly Pinn individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against THI Services, LLC, pursuant to Federal Rule of Civil Procedure Rule 23, certifying this action as a class action and appointing Plaintiff, Kelly Pinn as representative of the class;

b. Enter an order appointing Kimmel & Silverman, P.C. as counsel for the class;

c. Enter judgment in favor of Plaintiff and the putative class members for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if THI willfully violated the TCPA;

  d. Enter judgment in favor of Plaintiff and the putative class members that enjoins THI from violating the TCPA's regulations by calling cell phone numbers registered on the Do Not Call Registry;

  e. Award Plaintiff and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration; and,

  f. Award Plaintiff and the class such further and other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Kelly Pinn demands a jury trial in this case.

Respectfully submitted,

*/s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: (215) 540-8888 ext. 104
Direct: (267) 468-5374
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com

Dated: February 3, 2023

9